# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7215 | **DATE** | 5/8/2003 |
| **CASE TITLE** | Utica Mutual Insurance Co. vs. American Mutual Reinsurance Co. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Respondent's Motion to Stay Arbitration

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Before the court is Respondent's motion to stay arbitration. Respondent's motion is denied. The parties shall proceed to arbitration. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAY 1 2 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✔ | Docketing to mail notices. | | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | MAY 1 2 2003 | | |
| | courtroom deputy's initials | 03 MAY -9 PM 1:17 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UTICA MUTUAL INSURANCE CO., | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. 02 C 7215 |
| v. | ) | |
| | ) | HONORABLE CHARLES R. NORGLE |
| | ) | |
| AMERICAN MUTUAL REINSURANCE | ) | |
| COMPANY, and | ) | |
| NATHANIEL S. SHAPO, DIRECTOR | ) | |
| OF INSURANCE, STATE OF ILLINOIS | ) | **DOCKETED** |
| Respondents. | ) | |

**OPINION AND ORDER**

MAY 1 2 2003

**Charles R. Norgle, Sr. District Judge**

Before the court is Respondents' motion to stay the petition to compel arbitration. For the

following reasons, Respondents' motion is denied.

## I. BACKGROUND

The Petitioner, Utica Mutual Insurance Co. ("Utica"), contracted with Respondent, American

Mutual Reinsurance Co. ("AMERCO"), for reinsurance from 1953 through 1975. In February 1988,

AMERCO was placed in rehabilitation proceedings in the Chancery Court of Cook County, Illinois.

The Director of Insurance for the State of Illinois became its Rehabilitator. On September 8, 1988,

the Rehabilitator approved an Amended Plan of Rehabilitation for AMERCO. On December 21,

2001, the Rehabilitator approved a Second Amended Plan of Rehabilitation for AMERCO.

On January 22 and 23, 2003, Utica notified the Rehabilitator and AMERCO of several

asbestos claims involving Burnham Boilers and Goulds Pumps. The Rehabilitator and AMERCO

denied Utica's claims on the ground that the actual paid claims were not reported within 90 days,

in accordance with the terms of the Second Amended Plan. Utica claims that it did not receive notice of the Second Amended Plan until January 22, 2002, and therefore the First Amended Plan should apply to its claims. Since the Rehabilitator's initial denial of claims, Utica has submitted several more claims to the Rehabilitator, all of which have been denied.

On June 3, 2002, Utica received a "Notice of Determination" from the Rehabilitator again denying Utica's claims. The letter stated that Utica could file a motion to reconsider the Rehabilitator's decision within 60 days. After receiving the Rehabilitator's decision regarding Utica's motion to reconsider, Utica could "object to the recommendation either by commencing arbitration or petitioning . . . for a hearing," within 60 days.

On August 8, 2002, the Rehabilitator denied Utica's motion for reconsideration. On October 8, 2002, Utica requested that this court compel arbitration, Utica also filed in the Rehabilitation Court the "Objection of Utica Mutual Insurance Company to the Rehabilitator's Rejection of Claims."

AMERCO was granted several extensions in filing its response to Utica's Motion to Compel Arbitration. Rather than responding directly to the motion to compel, AMERCO chose to file a motion to stay based on the Burford Doctrine. AMERCO's motion to stay is now fully briefed and ripe for ruling.

## II. DISCUSSION

The Supreme Court has stated that federal courts have a strict duty to exercise the jurisdiction conferred upon them by Congress. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). For this reason, the doctrine of abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" and may be invoked only in those

"exceptional circumstances" in which surrendering jurisdiction "would clearly serve an important countervailing interest." International College of Surgeons v. City of Chicago, 153 F.3d 356, 360 (7th Cir. 1998). The party requesting abstention bears the heavy burden of showing that abstention is warranted. Morton College Board of Trustees of Illinois Community College District No. 527 v. Town of Cicero, 18 F. Supp. 2d 921, 924 (N.D. Ill. 1998). The decision of whether to abstain is committed to the sound discretion of the district court. Int'l College of Surgeons, 153 F.3d at 359.

The Seventh Circuit has noted that abstention under Burford v. Sun Oil Co., 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943) is appropriate in two situations. First, federal courts should abstain from deciding "'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.'" Int'l College of Surgeons, 153 F.3d at 361-62 (quoting Quackenbush, 517 U.S. at 726-27 (quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989))). Second, federal courts should also abstain from the exercise of federal review that "'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" Int'l College of Surgeons, 153 F.3d at 362 (quoting Quackenbush, 517 U.S. at 727). AMERCO asserts that the second type of Burford abstention applies to this matter.

The Seventh Circuit has held that we must find the existence of two essential elements to justify abstention under the second prong of the Burford doctrine, namely:

> First, and most obvious, the state must offer some forum in which claims may be litigated. . . . Second, that forum must be special - it must stand in a special relationship of technical oversight or concentrated review to the evaluation of those claims. The ability to point to a specialized proceeding is a prerequisite of, not a factor in, the second type of Burford abstention.

Int'l College of Surgeons, 153 F.3d at 363 (quoting Property & Cas. Ins. Ltd. v. Central Nat. Ins. Co. of Omaha, 936 F.2d 319, 323 (7th Cir. 1991)).

Ultimately, the court should consider: (1) whether the suit is based on a claim for relief that is exclusively federal; (2) whether difficult or unusual state laws are at issue; (3) whether there is a need for a coherent state doctrine in the area; and (4) whether state procedures indicate a desire to create special state forums to adjudicate the issues presented. Morton College Bd. of Trustees of Ill. Cmty. Coll. Dist. No. 527 v. Town of Cicero, 18 F. Supp. 2d 921, 925 (N.D. Ill. 1998) (also citing White & Brewer Trucking, Inc. v. Donley, 952 F. Supp. 1306, 1311 (C.D. Ill. 1997). Determining whether to abstain under Burford requires the court to make a fact-intensive inquiry. Morton, 18 F. Supp. 2d at 925 (citing General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 709 (7th Cir. 1991)).

Based on the aforementioned factors, it is clear that a Burford abstention is inappropriate in this instance. The claim for relief is not exclusively federal in nature. Utica is seeking to compel arbitration a remedy available in the state courts, and is before this court solely on the basis of diversity jurisdiction. Second, there is no difficult or unusual state laws at issue. It is uncontested that the Rehabilitation Court is the proper venue for all initial claims to be brought in this action. Furthermore, it is also uncontested that several of Utica's claims are arbitrable. This is not only evidenced by the parties statements and the reinsurance contracts, but also by the Rehabilitator. The only real issue that is in contention is what matters should be brought before the arbitrator, which merely entails contract interpretation.

"Arbitration depends on agreement, and nothing beats normal rules of contract law to determine what the parties agreement entails." Stone v. Doerge, No. 02-3873, –F.3d –, 2003 U.S.App.LEXIS 8386 *5, (7th Cir. May 2, 2003) (citations omitted). "Parties to an arbitration may

4

stipulate the issues they want determined and increase or limit the arbitrator's contractual authority by their express submission." Hill v. Staten Island Zoological Soc'y, Inc., 147 F.3d 209, 214 (2d Cir.1998); see International Union of Operating Eng'rs, Local No. 841 v. Murphy Co., 82 F.3d 185, 187 (7th Cir.1996) ("Generally, arbitrators should limit their rulings to those issues the parties have actually submitted for arbitration."). There is great deference given to the arbitrator's understanding of the parameters of the issues presented for arbitration. Madison Hotel v. Hotel & Restaurant Employees, Local 25, 144 F.3d 855, 857 (D.C. Cir. 1998); Coastal Oil of New England, Inc. v. Teamsters Local, 134 F.3d 466, 469 (1st Cir. 1998); Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Ariz., 84 F.3d 1186, 1190 (9th Cir.1996). The arbitrator's interpretation of the scope of the issue must be upheld so long as it is rationally derived from the parties' submission. Richmond, Fredericksburg & Potomac R.R. Co. v. Transportation Communications Int'l Union, 973 F.2d 276, 280 (4th Cir. 1992). It is generally presumed that an arbitrator's authority is broad and "courts expansively interpret the scope of an arbitrator's delegated authority." Kozera, 909 F.2d at 53. Furthermore, we are mindful that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); Kozera, 909 F.2d at 53.

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986). Again, there is no dispute between the parties that there is a valid arbitration agreement, the only contention pertaining to arbitration is what issues are arbitrable. The issue as to what matters will be arbitrated, shall be left for the arbitrator to determine

The third factor used in determining if a Burford abstention is warranted, is whether there is a need for a coherent state doctrine in the area. This question has already been answered by the enactment of the McCarron-Ferguson Act, 15 U.S.C. §§ 1011-1015. Under the McCarron-Ferguson Act, the states have assumed primary responsibility for regulating the insurance industry. Shapo v.

Engle, No. 98 C 7909, 1999 WL 446853, at *9 (N.D. Ill. June 11, 1999). Under this regulatory power, most states, including Illinois, have adopted statutes governing the rehabilitation and liquidation of insolvent insurers. Id. at *9. However, Burford and its progeny does not require abstention "whenever there exists [a complex administrative process], or even in all cases where there is a potential for conflict with state regulatory law or policy." New Orleans Pub. Serv., Inc., 491 U.S. at 362. In this case, any court action or decision will not interfere with the liquidation proceedings or its prioritization of claims in connections with the liquidation. Utica has already brought its claims to the Regulator, and they have been denied. Pursuant to the parties contractual agreement, Utica is now seeking to send the matter to arbitration. Again, a Burford abstention is not warranted.

Lastly, the court looks to whether state procedures indicate a desire to create special state forums to adjudicate the issues presented. The issue presented before the court involves an arbitration clause and contract interpretation. AMERCO and the Regulator argue that certain claims made by Utica should not be arbitrable until all of Utica's claims have been denied. However, as was stated previously, the claims in this case do not interfere with the liquidation process or its prioritization of claims in connection with the liquidation. Even if the claims of Utica might affect the liquidation process, it still must be remembered that a Burford abstention is not required "whenever there exists [a complex administrative process], or even in all cases where there is a potential for conflict with state regulatory law or policy." New Orleans Pub. Serv., Inc., 491 U.S. at 312.

None of the factors developed by the Seventh Circuit to determine if a Burford abstention is appropriate provide support that this court should abstain from exercising its jurisdiction. As stated before, the party requesting abstention bears the heavy burden of showing that abstention is warranted. Morton, 18 F. Supp. 2d at 924. AMERCO and the Rehabilitator fail to carry that burden. AMERCO's motion to stay arbitration is denied.

## III. CONCLUSION

AMERCO's motion to stay arbitration is denied. All claims shall be sent to an arbitrator.

IT IS SO ORDERED

ENTER:

CHARLES RONALD NORGLE, SR., District Judge

DATED: 5-7-03